UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KARI SPRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01055-JPH-KMB |
| | ) | |
| ALLISON CHOPRA Chopra Criminal Defense, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Kari Spray is a prisoner at the Bartholomew County Jail. She filed this civil action against her privately-retained criminal defense attorney, Allison Chopra. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Plaintiff's complaint lists numerous reasons why Ms. Chopra allegedly failed to represent her adequately in connection with a state criminal proceeding that led to multiple convictions. Plaintiff is seeking damages from Ms. Chopra.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, to the extent Plaintiff is seeking damages in federal court against Ms. Chopra, it implies that she is seeking a remedy for a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. But it is clear that Ms. Chopra was not a state actor subject to suit under § 1983. Not only was she privately retained by Plaintiff, even if Ms. Chopra had been a state-paid public defender she would not have been considered a state actor for purposes of § 1983 in these circumstances. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

Second, if Plaintiff is challenging the validity of her state criminal convictions, the settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten her term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477 (1994). "In *Heck v. Humphrey*, [the Supreme Court] held

that where success in a prisoner's [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citation omitted). In *Heck* and related decisions, the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Plaintiff's claim in this case "seeks a civil remedy for a trial-based constitutional violation that results in wrongful conviction and imprisonment. Such a claim, if successful, necessarily implies the invalidity of the conviction and under *Heck* is neither cognizable nor accrues until the conviction has been overturned." *Johnson v. Winstead*, 900 F.3d 428, 439 (7th Cir. 2018). Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted and must be dismissed. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Johnson*, 900 F.3d at 436 ("*Heck*-barred claims must be dismissed."). The dismissal is without prejudice. *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017).

Because the Court has been unable to identify a viable claim for relief against Ms. Chopra, the complaint is subject to dismissal.

## IV. Opportunity to Show Cause

Plaintiff's complaint must be dismissed for the reasons set forth above. Plaintiff shall have **through August 1, 2024,** in which to show cause why

3

Judgment consistent with this Order should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

The Court takes no action at this time on Plaintiff's motions to proceed in forma pauperis and for appointment of counsel.

Also, the **clerk is directed** to attach the Court's form motion for pursuing habeas corpus relief under 28 U.S.C. § 2254 to Plaintiff's copy of this Order. Plaintiff is advised, however, that an action under § 2254 should not be filed unless she has first exhausted all state-court remedies for challenging her convictions.

**SO ORDERED.**

Date: 7/9/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KARI SPRAY
145963
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

4