UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARI SPRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01055-JPH-KMB |
| | ) |
| ALLISON CHOPRA Chopra Criminal Defense, | ) |
| | ) |
| Defendant. | ) |

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT**

This action is dismissed for failure to state a claim. The Entry of July 7, 2024, dismissed the operative complaint pursuant to 28 U.S.C. § 1915A(b). Dkt. 7. The plaintiff, Kari Spray, was given through August 1, 2024, in which to show cause why final judgment should not be entered. That time has passed. Although Ms. Spray has filed two additional "statements of claim," dkts. 12 and 15, further explaining her allegations against Defendant Allison Chopra, those statements suffer from the same defects the Court identified in its previous order: Ms. Chopra is not a state actor subject to suit under § 1983. Dkt. 7 at 2. Further, Ms. Spray is seeking a civil remedy in federal court for alleged trial-based constitutional violations (namely, ineffective assistance of counsel) resulting in wrongful conviction and imprisonment in state court. Such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As before, the Court advises Ms. Spray that any claim about Ms. Chopra's performance must first be fully litigated in state court, and only then may it be potentially raised in federal court in an

action under 28 U.S.C. § 2254. The Court has already provided Ms. Spray with a form motion for pursuing relief under § 2254. *See* dkt. 7-1.

Since Ms. Chopra is not a state actor under § 1983, this action is therefore properly dismissed under Federal Rules of Civil Procedure 12(b)(6). *See Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011). Final judgment dismissing this action with prejudice shall now issue.

Additionally, the **clerk is directed to terminate** the motion for leave to proceed in forma pauperis, dkt. [2]. Furthermore, Ms. Spray's motions for counsel at dkts. [3] and [13], are **denied**. "'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Ms. Spray has contacted three attorneys, so she has made a reasonable attempt on her own. However, given that no amendment to her complaint would cure the deficiencies identified by the Court, it would not be in the interest of justice to use its limited resources to appoint counsel in this matter. *See Watts v. Kidman*, 42 F.4th 755, 766 (7th Cir. 2022) (explaining that courts may consider merits of a plaintiff's claim when considering whether to appoint counsel).

Finally, Ms. Spray's most recent motion at dkt. [16] is **denied in part** to the extent it again requests appointment of counsel. It is **granted in part** to the extent she is requesting copies related to this case. The **clerk is directed** to attach a copy of the docket to Ms. Spray's copy of this Order.

**SO ORDERED.**

Date: 8/6/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KARI SPRAY
145963
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201