UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARI SPRAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLISON CHOPRA Chopra Criminal ) <br> Defense, ) <br> ) <br> Defendant. ) | No. 1:24-cv-01055-JPH-KMB |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 9, 2024, the Court screened Plaintiff Kari Spray's complaint and determined that it failed to state a claim upon which relief may be granted. Dkt. 7. Specifically, the Court noted that Ms. Spray was seeking damages against her criminal defense attorney for alleged misdeeds in connection with her state prosecution. First, her attorney was not a "state actor" subject to suit under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Second, even if she was, the Court noted that Ms. Spray would first need to successfully challenge the validity of her conviction pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court provided Ms. Spray with a form motion for seeking habeas relief in federal court under 28 U.S.C. § 2254 if she wished to challenge her conviction after exhausting any and all possible state court avenues for relief. The Court provided Ms. Spray with an opportunity to show cause why final judgment should not be entered.

Ms. Spray subsequently submitted two "statements of claim," dkts. 12 and 15. However, the Court concluded that these did not correct the deficiencies in

1

her original complaint. On August 6, 2024, the Court entered final judgment. Dkt. 17.

On August 16, 2024, Ms. Spray filed a "motion to rule on objection to dismissal." Dkt. 19. The Court construes this as a motion to reconsider dismissal of her complaint. Because Ms. Spray's motion was filed within twenty-eight days of final judgment, the Court treats it as a motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

In Ms. Spray's motion, she states that she "followed the direction of the ACLU" in filling out her complaint. Dkt. 19. She also states that her suit was "related to the prejudice prong under 28 U.S.C. § 2254(d) on claim of ineffective assistance of counsel." *Id.* But the Court reiterates and emphasizes that Ms. Spray's complaint was *not* a habeas action under § 2254. Rather, it sought civil damages from her attorney. Ms. Spray's arguments do not identify any "manifest error" that would cause the Court to reconsider its earlier rulings dismissing her complaint and entering final judgment. Ms. Spray's motion at dkt. [19] is **denied**.

Ms. Spray has also filed a "motion for copy of entire case." That motion, dkt. [20], is **granted** to the extent the clerk is directed to attach a copy of the docket to Ms. Spray's copy of this Order. However, the Court will not at this time be providing Ms. Spray with a copy of every document that has been filed or issued in this case, which have already been provided to her. If, after reviewing the docket, she identifies specific documents that she needs and cannot access herself, she may file a separate request for them.

**SO ORDERED.**

Date: 10/11/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KARI SPRAY
145963
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201